IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SARAH LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 13 C 8551 |
| | ) | |
| COLLECTION PROFESSIONALS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Collection Professionals, Inc. ("Collection Professionals") has filed its Answer and Affirmative Defenses ("ADs") to the Complaint brought against it by Sarah Love ("Love") under the auspices of the Fair Debt Collection Practices Act ("Act"). This Court has just received the reassignment of this action on the retirement of its colleague and good friend Honorable John Nordberg after his more than three decades of service to this District Court, and it has also received copies of Love's Complaint and Collection Professionals' responsive pleading[1] from Judge Nordberg's chambers. This memorandum order is issued sua sponte to address some problematic aspects of that responsive pleading.

---

[1] On receiving copies of the parties' pleading this Court ran the docket on this case and learned that Judge Nordberg had referred the matter to Magistrate Judge Young Kim in early February. This Court's long-standing practice with all cases assigned to its calendar is to leave none of those cases without a next status date on this Court's own calendar even where there has been any assignment to a Magistrate Judge (other than a reassignment brought about by the litigants' joint consent to a full referral to the Magistrate Judge, which removes the case from this Court's calendar). Because the docket reflects that Judge Kim has set a next status hearing before him on May 30, 2014, this Court sets 9 a.m. June 2, 2014 as a status date for reporting purposes, at which time this Court will apprise the litigants' counsel as to its own procedures in such situations.

To begin with, Collection Professionals' counsel has joined the overly large lawyers' club that inexplicably departs from the clear roadmap prescribed by Fed. R. Civ. P. ("Rule") 8(b)(5) for those who hope to obtain a deemed denial of allegations that they can neither admit nor deny for the reasons stated in that Rule -- see App'x ¶ 1 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 278 (N.D. Ill. 2001). Just take a look at Answer ¶¶ 13, 15, 16, 29, 31-33 and 44, each of which employs this locution:

> Upon reasonable inquiry, the knowledge or information known and readily available to the defendant renders it unable to admit the truth of the information contained in Paragraph --.

Conspicuously absent from that format is any reference to Collection Professionals' belief, an essential component of the disclaimer deliberately inserted by the Rule's drafters to make the disclaimer more difficult to advance in the objective good faith demanded by Rule 11(b). If defense counsel had really engaged in a "reasonable inquiry" -- this time into the law as well as the facts -- and had given a little thought to the subject, counsel would not have employed the impermissible quoted locution. Hence all of the cited paragraphs of the Answer are stricken.

That same lack of thought and of "reasonable inquiry" applies as well to the three ADs advanced by Collection Professionals. Here are the problems they present:

1. AD 1 uses the hedge "may be" or "may possess" three times -- the sure signal that Collection Professionals' counsel really doesn't know whether any arbitration requirement is involved. That is not the stuff of which legitimate ADs are fashioned, and AD 1 is stricken (if some good faith predicate for such an AD becomes known in the future, it may be advanced -- but must be fully fleshed out -- at that time).

2. ADs 2 and 3 violate the basic principle that an AD must accept a plaintiff's allegations as gospel while at the same time stating a ground for the pleader's escape from liability -- see, e.g., App'x ¶ 5 to State Farm and the multitude of cases construing and applying Rule 8(c) in like fashion.

   Those ADs are also stricken.

Although this Court might well strike the entire responsive pleading to obviate the need for it or any other reader to flip back and forth between two separate pleadings to see just what is or is not at issue, it will instead require Collection Professionals' counsel to cure the errors dealt with in this memorandum order by filing an appropriate amendment to the responsive pleading on or before May 9, 2014. No charge may be made to Collection Professionals by its counsel for the added work and expense incurred in correcting counsel's errors. Collection Professionals' counsel is ordered to apprise his client to that effect by letter, with a copy to be transmitted to this Court's chambers as an informational matter (not for filing).

_____
Milton I. Shadur
Senior United States District Judge

Date: April 30, 2014